## CLAWANS v. DISTRICT OF COLUMBIA.

### No. 5694.

Court of Appeals of the District of Columbia.

Argued Oct. 5, 1932.

Decided Nov. 28, 1932.

Richard L. Merrick, of Washington, D. C., for plaintiff in error.

William W. Bride, Raymond Sparks, and Robert E. Lynch, all of Washington, D. C., for defendant in error.

Before MARTIN, Chief Justice, and ROBB, HITZ, and GRONER, Associate Justices.

GRONER, Associate Justice.

Criminal information was filed against plaintiff in error (defendant) charging her with having engaged in the business of a railroad ticket broker without obtaining a license as required by Act of Congress of July 1, 1902 (32 Stat. 622, 625, 628 [D. C. Code 1929, T. 20, §§ 861, 885, 912]). The act makes the offense punishable by a fine. She was convicted, and we granted a writ of error in order that we might consider the assignment of error to which we shall now refer.

At the trial several railroad detectives testified they had purchased from defendant return coupons of excursion tickets over the Baltimore & Ohio and Pennsylvania Railroads. Defendant denied she had sold the tickets to the detectives. While she was a witness, she was asked by the prosecuting officer on cross-examination: "Miss Clawans, are you the same person who was convicted on August 17, 1931, before Magistrate Gadden at Baltimore for violation of Ordinance No. 20 [of Baltimore City], approved July 11, 1931, for unlawfully and wilfully soliciting personally at the Pennsylvania Railroad Station, Charles Street, near Oliver Street, one David Feingloss, and for selling him one half-way Pennsylvania Railroad excursion ticket good for a return trip to New York?" Her counsel objected, but the court "ruled that the record of conviction would go to the credibility of the witness and that she should answer." Defendant answered that she had been convicted, but that her attorney had advised her the conviction had been set aside. She then asked the court to suspend the trial until she could show the fact to be as she stated it, but this the court refused to do, saying that the jury could give whatever weight they saw fit to her explanation.

We think the question was improper, and that the objection should have been sustained.

While the rule is that a defendant who voluntarily offers himself as a witness in his own behalf is, like any other witness, subject to have his evidence impeached by a showing that he had been convicted of a crime, the rule, so far as we can determine, has never been carried to the extent of permitting conviction for the violation of a municipal ordinance to be shown as affecting credibility—certainly unless the ordinance covered an offense malum in se. To the contrary, see Meredith v. Whillock, 173 Mo. App. 542, 158 S. W. 1061; Gillman v. State, 165 Ala. 135, 51 So. 722; Arhart v. Stark, 6 Misc. 579, 27 N. Y. S. 301; Koch v. State, 126 Wis. 470, 106 N. W. 531, 3 L. R. A. (N. S.) 1086, 5 Ann. Cas. 389; Coble v. State, 31 Ohio St. 100; Neal v. United States (C. C. A.) 1 F.(2d) 637; Lawrence v. United States (C. C. A.) 18 F.(2d) 407; Redsecker v. Wade, 69 Or. 153, 134 P. 5, 138 P. 485, Ann. Cas. 1916A, 269; and State v. Nichols, 121 Wash. 406, 209 P. 689.

At common law a person convicted of treason, felony, piracy, praemunire, perjury, forgery, or any other species of crimen falsi was not allowed to give evidence in any case, civil or criminal. In England and in most of the states the common-law rule has been abolished by statute, but almost invariably with a proviso that the conviction of a "crime" shall be competent evidence to affect the credibility of the witness. There is such a statute in the District of Columbia (Title 9, § 12, D. C. Code 1929, section 1067, D. C. Code 1924), and we held in Murray v. United States, 53 App. D. C. 119, 288 F. 1008, that under it convictions for misdemeanors as well as felonies could be shown in impeachment of the witness. Judge Taft, in Baltimore & Ohio R. R. Co. v. Rambo (C. C. A.) 59 F. 75, 79, says this was also true under the common law, and cites Carpenter v. Nixon, 5 Hill (N. Y.) 262. But the basis of the admissibility of convictions always was and always should be grounded upon the theory that the depraved character of persons who commit crimes involving moral corruption makes them unworthy of trust in testifying. This theory, however, has little or no basis in the violation of municipal ordinances, or for that matter misdemeanors, involving no element of inherent wickedness. In Schick v. United States, 195 U. S. 65, 24 S. Ct. 826, 49 L. Ed. 99, 1 Ann. Cas. 585, the Supreme Court said the word "crime" as contained in the third article and the Sixth Amendment of the Constitution did not include an offense punishable only by a fine. We think the same is true in the sense in which it is used in the statute in question.

The evidence of guilt in this case is very strong, and the jury probably would have convicted without reference to the former conviction, but as to this we may not speculate. Appellant denied the offense, and the admission of the conviction in Baltimore was certainly prejudicial. This makes it necessary to reverse and grant a new trial, which should be had without further delay.

Reversed.