Yvonne **PINKNEY**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 19925.

United States Court of Appeals
District of Columbia Circuit.

Argued June 16, 1966.

Decided July 8, 1966.

---

Mr. Robert M. Lichtman, Washington, D. C., with whom Mr. Lawrence J. Bernard, Jr., Washington, D. C. (both appointed by this court) was on the brief, for appellant.

Mr. Sidney M. Glazer, Attorney, Department of Justice, with whom Messrs. David G. Bress, U. S. Atty., and Frank Q. Nebeker, Asst. U. S. Atty., were on the brief, for appellee.

Before BASTIAN, Senior Circuit Judge, and WRIGHT and LEVENTHAL, Circuit Judges.

J. SKELLY WRIGHT, Circuit Judge.

Appellant was indicted for second degree murder and convicted of manslaughter. She alleged trial court error (1) in admitting in evidence appellant's prior convictions of disorderly conduct,[1] vagrancy[2] and soliciting prostitution[3]; (2) in admitting into evidence a knife found in the patrol wagon some time after appellant was a passenger therein; (3) in charging the jury with respect to decedent's arrest for assaulting a police officer; and (4) in permitting the prosecutor to question a key defense witness regarding prior inconsistent statements, which the witness denied, without showing any basis for the questions, at the time they were asked or later in the trial.

■ Since we reverse for a new trial on other grounds, we find it unnecessary to pass on the allegations of error with respect to the charge and the prosecutor's

1. 22 D.C.CODE §§ 1107, 1112(a), 1121 (1961).

2. 22 D.C.CODE §§ 3302, 3304 (1961).

3. 22 D.C.CODE § 2701 (1961).

questions to the defense witness.[4] We find that the knife was properly admitted in evidence, it having been accurately described by an eye witness to the homicide before the knife was found and identified by him on trial as being similar to the homicide weapon. The prior record of appellant, however, should not have been admitted in evidence to impeach her testimony over her objection.

■ This court has recognized that evidence of prior convictions must be received with caution, for such evidence "not only permits the prosecutor to throw doubt upon the defendant's testimony regarding the facts of the case being tried, but also may result in casting such an atmosphere of aspersion and disrepute about the defendant as to convince the jury that he is an habitual lawbreaker who should be punished and confined for the general good of the community." Richards v. United States, 89 U.S.App. D.C. 354, 357, 192 F.2d 602, 605, 30 A.L.R.2d 880 (1951), cert. denied, 342 U.S. 946, 72 S.Ct. 560, 96 L.Ed. 703 (1952). Even cautionary instructions "cannot prevent the jury from considering prior actions in deciding whether appellant has committed the crime charged. The courts need not rest on the assumption that juries can compartmentalize their minds and hear things for one purpose and not for another." Awkard v. United States, 122 U.S.App.D.C. 165, 170, 352 F.2d 641, 646 (1965).[5]

■ Since the adoption in 1901 of 14 D.C.CODE § 305,[6] this court has never expressly determined whether the term "crime" in that statute encompasses so-called petty offenses to which the right of trial by jury does not apply. Indeed, on two occasions we have indicated that the question is an open one. Jones v. United States, 119 U.S.App.D.C. 213, 214–215 n. 4, 338 F.2d 553, 554–555 n. 4 (1964) (per curiam); Sanford v. United States, 69 App.D.C. 44, 46, 98 F.2d 325, 327 (1938) (per curiam). We have held that § 305 does not apply to convictions involving violations of municipal ordinances. Clawans v. District of Columbia, 61 App.D.C. 298, 62 F.2d 383 (1932). In so holding, we relied on Schick v. United

---

4. But see Jackson v. United States, 111 U.S.App.D.C. 353, 356, 297 F.2d 195, 198 (1961) (concurring opinion of Judge Burger):

"No effort was then made by defense counsel to follow this line of questioning with proof of the alleged 'facts' or of the assumptions implicit in the questions. To be sure, it might have been awkward for the lawyer to take the stand and testify, but if he was not prepared to do this, even if it meant withdrawing from the case he should not have asked the questions. Counsel asking such questions with no intention of following them up if the answers were negative, would be subject to severe censure. We assume in this case that it was a thoughtless 'shot in the dark' attributable perhaps to lack of experience in the highly practical and difficult art of trial advocacy. Utterances similar to this when made by a prosecutor have led us to reverse criminal convictions. * * *"

See also Reichert v. United States, 123 U.S.App.D.C. 294, 359 F.2d 278 (1966); Belton v. United States, 104 U.S.App. D.C. 81, 84, 259 F.2d 811, 814 (1958) (en banc); Stewart v. United States, 101 U.S.App.D.C. 51, 55, 247 F.2d 42, 46 (1957) (en banc) (opinion of Judge Bazelon); Lee Won Sing v. United States, 94 U.S.App.D.C. 310, 215 F.2d 680 (1954) (per curiam).

5. "Recent jury studies" indicate that juries "failed to segregate evidence of a prior record introduced for impeachment purposes and used it instead as an indication that the defendant 'was a bad man and hence was more likely than not guilty of the crime for which he was then standing trial.'" Note, Procedural Protections of the Criminal Defendant—A Reevaluation of the Privilege Against Self-Incrimination and the Rule Excluding Evidence of Propensity to Commit Crime, 78 HARV.L.REV. 426, 441 (1964). (Footnote omitted.).

6. Section 305 reads, in pertinent part:

"No person shall be incompetent to testify, in either civil or criminal proceedings, by reason of his having been convicted of crime, but such fact may be given in evidence to affect his credit as a witness, either upon the cross-examination of the witness or by evidence aliunde; and the party cross-examining him shall not be concluded by his answers as to such matters. * * *"

States, 195 U.S. 65, 70, 24 S.Ct. 826, 49 L.Ed. 99 (1904), where the Supreme Court construed the word "crimes" in the jury trial provision of Article III [7] of the Constitution as excluding petty offenses. *Clawans, supra,* 61 App.D.C. at 299, 62 F.2d at 384. Thus the rationale of our holding in *Clawans* is not based on the fact that the impeachment evidence admitted there involved municipal ordinances, but rather that the violations of municipal ordinances, being petty offenses, were not triable to a jury and thus were not included in the "crimes" referred to in § 305.

In the present case the prosecutor was permitted by the trial court, over the objection of defense counsel, to impeach appellant's credibility by referring to thirteen prior convictions of petty offenses—vagrancy, disorderly conduct and soliciting prostitution. Although these are District of Columbia Code offenses, as distinguished from municipal ordinances, none of them is triable by jury.[8] 16 D.C.CODE § 705(b) (Supp. V, 1966). See District of Columbia v. Clawans, 300 U.S. 617, 625–629, 57 S.Ct. 660, 81 L.Ed. 843 (1937). Consequently § 305 is not applicable to them.

Our holdings in Murray v. United States, 53 App.D.C. 119, 288 F. 1008, *cert. denied,* 262 U.S. 757, 43 S.Ct. 703, 67 L.Ed. 1218 (1923), Bostic v. United States, 68 App.D.C. 167, 94 F.2d 636 (1937), *cert. denied,* 303 U.S. 635, 58 S.Ct. 523, 82 L.Ed. 1095 (1938), and Campbell v. United States, 85 U.S.App. D.C. 133, 176 F.2d 45 (1949),[9] relied on by the Government, are not to the contrary. As far as available records disclose, all of those cases involved misdemeanors punishable by more than ninety days in jail and therefore triable to a jury. 16 D.C.CODE § 705(b). In view of the disposition made herein, it is unnecessary to consider appellant's contentions predicated on Luck v. United States, 121 U.S.App.D.C. 151, 348 F.2d 763 (1965).

Reversed.

---

7. The pertinent language of Article III is: "The Trial of all Crimes, except in Cases of Impeachment, shall be by Jury * * *." U.S.Const., Art. 3, § 2, cl. 3.

8. Bailey v. United States, 69 App.D.C. 25, 98 F.2d 306 (1938); Rogers v. District of Columbia, D.C.Mun.App., 31 A.2d 649, 652 (1943). See also Frankfurter & Corcoran, Petty Federal Offenses and the Constitutional Guaranty of Trial by Jury, 39 HARV.L.REV. 917, 928 (1926).

9. It is interesting to note that in *Campbell* the court stated: "Save for these decisions [*Bostic, Murray* and *Sanford*], we should be inclined to construe the word 'crime' in the statute as being synonymous with the word 'felony', thus attributing to Congress the intention of merely codifying the common law rule which has a reasonable basis, instead of extending it to include misdemeanors, which may not involve moral turpitude from which depravity may be inferred." 85 U.S.App.D.C. at 135, 176 F.2d at 47.