**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**James Louis RAMEY, Defendant-Appellant.**

**No. 27010
Summary Calendar.**

United States Court of Appeals
Fifth Circuit.

Aug. 7, 1969.

Aaron Kravitch, Savannah, Ga., for defendant-appellant.

Donald H. Fraser, U. S. Atty., Richard C. Chadwick, Asst. U. S. Atty., Savannah, Ga., for plaintiff-appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

The appellant, James Louis Ramey, was found guilty by a jury in the United States District Court for the Southern District of Georgia under an indictment charging robbery of a bank in violation of 18 U.S.C. § 2113(a) (1964). Finding no merit in any of appellant's eight specifications of error, we affirm.[1]

Many of appellant's claims of error are either frivolous or completely unsupported by the record.[2] We shall

---

[1] Pursuant to new Rule 18 of the Rules of this court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. *See* Murphy v. Houma Well Service, 409 F.2d 804 Part I (5th Cir. 1969).

[2] In other specifications of error, the appellant complains that certain testimony was hearsay, that evidence elicited by *appellant* on cross-examination was irrelevant, and that improper opinion evidence was admitted. We find no merit in any of these contentions. It is further contended that the court improperly charged the jury regarding evidence of good character and the possibility that such evidence "may generate a doubt." However, we find no impropriety in the court's charge.

discuss only two contentions. First, the appellant argues that the trial court erred in allowing the Government to introduce into evidence a pistol which he contends was never shown to be the one allegedly used by him to effectuate the robbery. Second, he contends that the court's charge to the jury concerning this pistol was erroneous.

The Government's evidence clearly established that the appellant, armed with a small pistol, robbed the Georgia State Savings Bank of Savannah on February 5, 1968. He was arrested several months later and subsequently released on bail pending trial. He testified that he lived in Denver, Colorado from the time of his release in July 1968 until his trial in November 1968. The Government's evidence further indicated that on September 10, 1968, a man who signed his name "James Ramey" pawned a Beretta pistol in Denver. This pistol was identified at the trial as being similar to the one used in the robbery and it was introduced into evidence over the appellant's objection that the pistol was not shown to be the same weapon allegedly used by him during the robbery.

 We hold that the pistol was properly admitted in evidence because the facts surrounding its discovery were sufficient to support an inference that the appellant likely used it to perpetrate the robbery. The guiding principle is stated in Banning v. United States:

> Weapons, instruments and articles found in the possession of the accused at the time of his arrest, although not identified as those actually used, but similar thereto, or *which from the circumstance of the finding, justify an inference of the likelihood of their having been used,* are admissible to show that the accused had them for the purpose of overcoming his victim or to show a design or plan, the carrying out of which required their use. (Emphasis added.) [3]

In view of our conclusion that the pistol was properly admitted into evidence, it is clear that the court's charge was proper. After an objection by the appellant to the original charge, the court recalled the jury and specifically instructed them not to consider the pistol as evidence against the appellant unless they believed beyond a reasonable doubt that it was the pistol used at the time and place of the alleged robbery. We consider the charge adequate and sufficient.

The judgment is affirmed.

---

3. 130 F.2d 330, 335 (6th Cir. 1942). *See* also Pinkney v. United States, 124 U.S.App.D.C. 209, 363 F.2d 696 (1966).