**Cheri BROWN, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 85–989.**

District of Columbia Court of Appeals.

Argued Nov. 3, 1986.
Decided Dec. 8, 1986.

Mary L. Wilson, Washington, D.C., appointed by the court, for appellant.

Robertson T. Park, Asst. U.S. Atty., with whom Joseph E. diGenova, U.S. Atty., and Michael W. Farrell, Judith Hetherton, and Thomas J. Motley, Asst. U.S. Attys., Washington, D.C., were on brief, for appellee.

Before NEWMAN and STEADMAN, Associate Judges, and GALLAGHER, Senior Judge.

PER CURIAM:

Brown asserts her conviction for assault with a dangerous weapon must be reversed since the trial court improperly permitted the government to impeach her testimony pursuant to D.C.Code § 14–305 (1981) by evidence of two prior convictions of soliciting prostitution.[1] We hold that soliciting for prostitution is an impeachable conviction within the meaning of § 14–305, and affirm the conviction.[2]

Brown testified in her own defense at trial. The government was permitted to impeach her testimony by her two convictions in 1981 for soliciting prostitution. She contends that such convictions do not involve "dishonesty or false statement" within the meaning of § 14–305. This contention is foreclosed by our prior holdings. We had previously held that the intent of Congress in enacting § 14–305 was to exclude from impeachment the use of those criminal offenses involving passion and short temper, such as simple assault. *Bates v. United States,* 403 A.2d 1159, 1160–62 (D.C.1979). In light of this congressional intent, among the offenses we have held to be usable under § 14–305 to impeach are: (1) attempted petit larceny, *Baptist v. United States,* 466 A.2d 452 (D.C.1983); (2) attempted housebreaking, *Hampton v. United States,* 340 A.2d 813 (D.C.1975); (3) carrying a pistol without a license, *Williams v. United States,* 337 A.2d 772 (D.C.1975); and (4) possession of narcotics, *Durant v. United States,* 292 A.2d 157 (D.C.1972). We can find no rational basis to hold that these enumerated criminal offenses do involve "dishonesty or false statement" within the meaning of § 14–305 and that soliciting for prostitution does not. Thus, we hold that which we stated as dictum in *Durant, supra,* 292 A.2d at 160, soliciting for prostitution is an impeachable conviction within the meaning of § 14–305.[3]

*Affirmed.*

---

1. D.C.Code § 14–305 (1981), in pertinent part, provides:

   [F]or the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a criminal offense shall be admitted if offered, but only if the criminal offense (A) was punishable by death ·or imprisonment in excess of one year under the law under which he was convicted, or (B) involved *dishonesty or false statement* (regardless of punishment).

2. We find no merit to her claim that the trial court abused its discretion in denying her motion for mistrial. *Hammill v. United States,* 498 A.2d 551, 554 (D.C.1985).

3. We reject Brown's contention at oral argument that a different result is required since one is not entitled to trial by jury in the District of Columbia for soliciting for prostitution. The decision of the federal circuit court in *Pinkney v. United States,* 124 U.S.App.D.C. 209, 363 F.2d 696 (1966), binding on us under *M.A.P. v. Ryan,* 285 A.2d 310, 312 (D.C.1971), is not to the contrary. *Pinkney,* decided under the predecessor statute to the current § 14–305, construed the term "crime" in that statute to exclude vagrancy, disorderly conduct and soliciting prostitution because these offenses were not triable by jury. When Congress enacted our present statute, changing the operative term from "crime" to "criminal offense," it expressly sought to overrule

[t]he decision of *Pinkney v. United States,* 363 F.2d 696 (D.C.Cir., 1966) [which] applied the word "crime" in existing section 14–305 to limit impeachment to offenses triable by jury. This artificial limitation has prevented impeachment by offenses such as false report to the police and soliciting prostitution which manifestly involve dishonesty or false statement. The rule adopted by the Committee ends this artificial distinction by substituting the word "offense" for the word "crime".

H.R.Rep. No. 907, 91st Cong., 2d Sess. 62 (1970).