**Maurice C. THOMPSON, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 87–224.

District of Columbia Court of Appeals.

Submitted Nov. 20, 1989.

Decided March 5, 1990.

---

Douglas J. Behr, Washington, D.C. appointed by this court, was on the brief for appellant.

Jay B. Stephens, U.S. Atty., with whom Michael W. Farrell, Asst. U.S. Atty. at the time the brief was filed, Thomas J. Tourish, Jr., Washington, D.C., Deborah Young, and Mary E. McLaren, Asst. U.S. Attys., were on the brief, for appellee.

Before NEWMAN and BELSON, Associate Judges, and KERN, Senior Judge.

KERN, Senior Judge:

 This appeal presents for our determination whether the trial court correctly permitted the prosecutor to impeach appellant at his trial on the charge of distribution of heroin with his prior conviction for contempt of court.[1] The court had adjudged appellant in contempt for his failure to abide by a specific and written condition of his pretrial release: to refrain from the use of drugs.

 The record reflects that after appellant's arrest and pending his trial on the charge of distributing heroin, the trial court released appellant upon condition that he "refrain from illegal drug use."

---

1. We find without merit appellant's other contention on appeal: that the trial court erred in refusing to grant his pretrial motion to suppress evidence seized from his person after his arrest. There was probable cause for the arrest, based upon an undercover police officer identifying appellant on the scene as the seller from whom shortly before he had made a buy of heroin. As to the validity of appellant's initial stop by the uniformed officer who detained him until the undercover officer rode by and identified him as the heroin seller, this officer had received from the undercover officer by radio a description of the seller and concluded that appellant matched such description. We are not persuaded that there was such a discrepancy between the description radioed and the actual appearance of appellant as to warrant invalidating the uniformed officer's stop of appellant pending the subsequent "ride-by." *In re J.G.J.,* 388 A.2d 472, 474 (D.C.1978).

This condition was stated specifically to be a condition of release on the printed form which appellant received. Thereafter, the Pretrial Services Agency reported that appellant had tested positive for drugs on four occasions. The trial court issued an Order to Show Cause why appellant should not be held in contempt for failing to abide by the condition of his pretrial release that he refrain from using drugs. At the hearing, where appellant and his counsel were present, the court noted the number of times appellant had tested positive for drugs, adjudged him in contempt, and sentenced him to 30 days' imprisonment.

At the trial of his case, appellant testified in his own defense, contending that he was not the person who had sold heroin to the undercover officer and that it was just a coincidence that he had in his possession when arrested two currency bills the undercover officer had marked before buying from appellant. The court permitted the prosecutor on cross-examination to impeach appellant with a prior conviction of housebreaking and attempted theft and with the conviction in 1985 for contempt of court. At the time of such impeachment, the trial court appropriately instructed the jury.

The applicable statute, D.C.Code § 14–305 (1989 Repl.), provides in pertinent part:

> [F]or the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a criminal offense shall be admitted if offered ... upon the cross-examination of the witness ... but only if the criminal offense ... involved dishonesty or false statement (regardless of punishment).

Appellant first contends that "it was improper for the trial court to allow appellant to be impeached on the basis of a finding of contempt under a statute allowing impeachment only upon a conviction." Appellant asserts, "Congress intended to allow impeachment only, at minimum, upon conviction of a *crime*—a conviction following a criminal prosecution and full procedural safeguards, not a conviction following the summary disposition procedures outlined in Superior Court Rule 42(a) or following a hearing requiring less than full constitutional protection." (Emphasis in original.)

In *Young v. United States, ex rel. Vuitton et Fils S.A.*, 481 U.S. 787, 799–800, 107 S.Ct. 2124, 2133–2134, 95 L.Ed.2d 740 (1987), the Supreme Court reaffirmed its earlier pronouncement in *Bloom v. Illinois*, 391 U.S. 194, 88 S.Ct. 1477, 20 L.Ed.2d 522 (1968), that "[c]riminal contempt is a crime in the ordinary sense; it is a violation of the law, a public wrong which is punishable by fine or imprisonment or both.... [C]onvictions for criminal contempt are indistinguishable from ordinary criminal convictions, for their impact on the individual defendant is the same. Indeed, the role of criminal contempt and that of many ordinary criminal laws seem identical—protection of the institutions of our government and enforcement of their mandates." *Id.* at 201, 88 S.Ct. at 1481.

In this jurisdiction, it has been recognized that by using the term "criminal offense" rather than the word "crime," Congress "intended, not to constrict, but to broaden the category of convictions usable under the statute." *United States v. Edmonds*, 173 U.S. App. D.C. 241, 246, 524 F.2d 62, 67 (1975). *See Bates v. United States*, 403 A.2d 1159, 1161 (D.C.1979). Accordingly, we deem the conviction of appellant for contempt for refusal to abide by the condition of his pretrial release that he not use drugs to constitute a "criminal offense" within the meaning of section 14–305.

■ Appellant further contends that "habitual use of addictive drugs by an addict ... is akin to the statutory exception for crimes of passion and short temper and was therefore improperly used for impeachment purposes under D.C.Code § 14–305." [2] This court has expressly recognized that in amending section 14–305

---

**2.** In *Gorham v. United States,* 339 A.2d 401, 424 (D.C.1975) (en banc), this court rejected the argument that addiction to heroin may be used as a defense in a prosecution for possession of heroin. Accordingly, addiction to heroin would not constitute a defense to the charge of contempt based upon violating a condition of pretrial release not to use drugs.

"Congress ... had an expansive view of 'dishonesty or false statement'" and that the statutory exemption sought to be invoked here is "virtually limited to convictions of crimes involving 'passion and short temper.'" *Bates v. United States, supra,* 403 A.2d at 1161. Indeed, this court has concluded "that a prior conviction for ... (possession of narcotics) involves 'dishonesty or false statement' within the meaning of D.C.Code ... § 14–305." *Durant v. United States,* 292 A.2d 157, 161 (D.C. 1972), *cert. denied,* 409 U.S. 1127, 93 S.Ct. 946, 35 L.Ed.2d 259 (1973); *see Williams v. United States,* 337 A.2d 772, 776 n. 3 (D.C. 1975) (one convicted of carrying a pistol without license has thereby disregarded society's well-being and hence is apt similarly to disregard responsibility to tell the truth).

In the instant case, appellant's counsel conceded that appellant had repeatedly used drugs after the trial court had told him not to do so. The court had released appellant prior to trial with a written order, stating as a condition for such release, that appellant promised he would refrain from drug use. Appellant and his counsel were given notice of his alleged contempt, *viz.,* failure to refrain from using drugs, and afforded a hearing in open court. Appellant and his attorney pleaded for "one more chance," thereby acknowledging that he had not complied with the condition of his pretrial release which he had promised to abide by.

We are persuaded under these circumstances that the trial court properly concluded that the prior conviction of appellant for contempt constituted a "criminal offense" which "involved dishonesty." Congress has declared evidence of such a criminal offense to be admissible for the purpose of attacking the credibility of a witness.

We need not and do not determine by our decision in this case that each and every contempt of court conviction is always a criminal offense involving dishonesty or false statements as defined by section 14–305. Indeed, we have recognized that some contempt of court convictions adjudged *summarily* did not involve "dishon-esty or false statement" as required by the pertinent statute. Thus, we have deemed a court spectator adjudged in contempt for failure to rise when the judge entered the courtroom *not* to have incurred a conviction involving dishonesty and hence not to be impeachable with such contempt conviction. *In re DeNeueville,* 286 A.2d 225, 227 (D.C.1972). In *Williams v. United States,* 552 A.2d 1255, 1256 n. 1 (D.C.1988), the conviction of contempt, while not identified, resulted in a fine of $25 or one day in jail and accordingly was held by this court not to fall within the statute permitting its use as an impeaching offense.

In sum, the behavior giving rise to a conviction for contempt is determinative whether such adjudication constitutes a criminal offense that involved dishonesty or false statement as prescribed by the statute. In the instant case the contempt conviction of appellant entered after a hearing and upon notice for violating the express condition of his pretrial release not to use drugs constitutes a criminal offense involving dishonesty and is usable for impeachment pursuant to section 14–305.

*Affirmed.*