## Gregory GRANT, Appellant,

### v.

### UNITED STATES, Appellee.

### Nos. 96–CO–988, 97–CO–988.

District of Columbia Court of Appeals.

Submitted May 4, 1999.
Decided Aug. 12, 1999.

Charles S. Carroccio, Jr., appointed by the court, was on the brief for appellant.

Wilma A. Lewis, United States Attorney, John R. Fisher, Elizabeth Trosman, and Barbara A. Grewe, Assistant United States Attorneys, were on the brief for appellee.

Before STEADMAN, FARRELL and REID, Associate Judges.

STEADMAN, Associate Judge:

Gregory Grant appeals two criminal contempt convictions for violating conditions of his pretrial release that he refrain from all illegal drug use and submit to drug testing twice a week. Grant challenges the sufficiency of proof of criminal contempt, arguing that there was no evidence that his actions caused an obstruction of the orderly administration of justice or were "willful disobedience" of a court order. Grant also argues that because of his heroin addiction, he did not willfully violate the conditions of his release. We find that Grant misconceives the elements of proof required for conviction of criminal contempt for violating a condition of pretrial release under D.C.Code § 23–1329 (1999 Supp.), which only requires proof that a "person has intentionally violated a condition of his release." We also hold that addiction does not constitute a defense to the charge of contempt based upon violating a condition of pretrial release not to use illegal drugs.

I.

On June 21, 1995, the grand jury filed an indictment charging Grant with possession with intent to distribute cocaine, in violation of D.C.Code § 33–541(a)(1) (1998). Grant was arraigned on this charge on August 8, 1995 and released pending trial on his personal recognizance with conditions, including that he refrain from illegal drug use and submit to drug testing twice a week.

On June 17, 1996, the Honorable Gregory E. Mize held a show cause hearing as to

why Grant should not be held in contempt as a result of a positive drug test and his failure to report for any other drug tests. At the hearing, Grant asserted that his violations of his conditions of release were not willful because of his drug addiction, he had been accepted into a drug treatment program but space was not yet available, and there was no reason to appear for drug tests because he knew he would test positive. The court found Grant in criminal contempt for violating the conditions of his release and sentenced him to thirty days in jail.[1]

On October 9, 1996, Judge Mize held a second show cause hearing as to why Grant should not be held in contempt for subsequent violations of his conditions of release. Grant was again found in criminal contempt for violating the conditions of his release and sentenced to forty-five days' incarceration. The execution of the sentence was suspended for all but time served up to the time needed to enter a "detox" program, where he was to remain for twenty-eight days. Grant also was placed on six months' probation. After completion of the twenty-eight day detox program, Grant was required to participate in the SYMBAS program,[2] continue to refrain from using illegal drugs, and submit to drug testing twice a week. After Grant had completed the detox program, the trial court revoked Grant's probation on December 17, 1996, for failing to appear for drug tests and restored the balance of his forty-five day sentence.

## II.

Grant appeals his June 17, 1996 and October 9, 1996 contempt convictions. Grant challenges the sufficiency of proof of his convictions, arguing that there was insufficient evidence that his actions resulted in "an obstruction of the orderly adminis-

tration of justice" or were a "willful disobedience" of a court order. The basis of Grant's assertion that there is insufficient evidence of "willful disobedience" is his contention that his heroin addiction compelled him to violate the conditions of his release, thereby precluding a finding that his conduct was willful. The government argues that the standard for criminal contempt under D.C.Code § 23–1329(c) only requires proof that Grant intentionally violated the conditions of his release and does not include a requirement that Grant be shown to have obstructed the orderly administration of justice. The government further contends that heroin addiction is not a defense to criminal contempt for violating conditions of release. We agree with the government.

### A. *Standard*

 "[T]he offense of criminal contempt requires proof of a contemptuous act and a wrongful state of mind." *Mabry v. Demery,* 707 A.2d 49, 51 (D.C.1998). A contemptuous act may be conduct that interferes with the orderly administration of justice or it may be "disobedience or resistance" to court orders through actions committed outside the presence of the court. *See United States v. Dixon,* 509 U.S. 688, 694–95, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993) (internal quotation and citation omitted) (distinguishing between courts' common law contempt powers "confined to sanctions for conduct that interfered with the orderly administration of judicial proceedings" and statutory provisions providing courts with the power to sanction disobedience of court orders). Grant argues that in cases such as his the "elements of criminal contempt are (1) willful disobedience (2) of a court order (3) causing an obstruction of the orderly administration of justice." *Swisher v. United States,* 572 A.2d 85, 89–90 (D.C.1990)

---

**1.** The court stated that it was imposing "a sentence of 30 days, and that is the detox you get. You are locked up for 30 days and out of circulation, and hopefully this kind of detox will be somewhat helpful."

**2.** "SYMBAS" apparently is a treatment program for substance abuse.

(citing *In re Thompson*, 454 A.2d 1324, 1326–27 (D.C.1982) (per curiam)). The cases cited by Grant involved a court's use of its contempt powers to sanction conduct occurring in the presence of the court that interfered with the orderly administration of judicial proceedings. *See Swisher*, 572 A.2d at 89 (failure to appear for trial); *In re Thompson*, 454 A.2d at 1326 (failure to heed repeated admonitions with respect to scope of direct examination and closing argument). Whatever the requirements may be in other contexts, we address here a trial court's use of specific statutorily-authorized criminal contempt powers under D.C.Code § 23–1329 to sanction violations of a condition of pretrial release.[3] The plain words of § 23–1329 authorize the use of contempt sanctions simply upon proof that a "person has intentionally violated a condition of his release."[4] *See also, Smith v. United States*, 677 A.2d 1022, 1030 (D.C.1996) (upholding contempt violation under § 23–1329 where appellant "willfully disobeyed" trial court order); *In re Wiggins*, 359 A.2d 579, 581 (D.C.1976) (defendant who conceded he knowingly violated two conditions of his release effectively confessed to contemptuous conduct). Thus, Grant could be found guilty of crimi-nal contempt for violating the court's pretrial release order without any proof that such violations interfered with the orderly administration of justice.[5]

## B. *Drug addiction defense*

■■■ We next examine Grant's contention his drug addiction is a defense to his criminal contempt. Grant contends that his addiction to heroin compelled him to violate the court's order and therefore his conduct was not willful.[6] Grant does not cite any authority in support of his argument, nor do we know of any.[7] Although we have never squarely addressed the issue appellant raises, we have previously stated in dictum that "addiction to heroin would not constitute a defense to the charge of contempt based upon violating a condition of pretrial release not to use drugs." *Thompson v. United States*, 571 A.2d 192, 194 n. 2 (D.C.1990). We now follow that dictum as a holding here.

The Bail Reform Act, D.C.Code § 23–1321 (1996), specifically authorizes a trial court to impose on an arrestee otherwise subject to pretrial detention release conditions necessary to "reasonably assure the

---

3. D.C.Code § 23–1329 states in pertinent part:

 (a) A person who has been conditionally released pursuant to section 23–1321 and who has violated a condition of release shall be subject to revocation of release, an order of detention, and prosecution for contempt of court.
 (c) Contempt sanctions may be imposed if, upon a hearing and in accordance with principles applicable to proceedings for criminal contempt, it is established that such person has intentionally violated a condition of his release.

4. *Cf.* the more general provisions of D.C.Code § 11–944(a) (1995), which authorize a trial judge to "punish for disobedience of an order or for contempt committed in the presence of the court."

5. It might equally be said that the statutory authorization of contempt sanctions in such cases represents a legislative finding that such conduct is a *per se* interference with the orderly administration of justice.

6. Proof of the intent element of criminal contempt only requires proof that the appellant intended to commit the actions constituting contempt. *See, e.g., Jones v. Harkness*, 709 A.2d 722, 723–24 (D.C.1998) (no defense to contempt that appellant's violations of civil protection order were due to his psychological condition and not motivated by disrespect to court).

7. Furthermore, even assuming *arguendo* that Grant's addiction compelled him to use heroin, we fail to see how such addiction prevented him from appearing for drug testing as required. Grant's only defense in this regard appears to be that there was no point in being tested because he would test positive. However, refraining from use of illegal drugs and submitting to drug tests were two distinct release conditions and Grant could have at least met the requirement to submit to testing even if he could not refrain from illegal drug use because of his addiction.

appearance of the person as required and the safety of any other person and the community ...." *Id.* § 23–1321(c)(1)(B). Such release conditions may include the requirement that the releasee "[r]efrain from ... any use of a narcotic drug or other controlled substance without a prescription ...." *Id.* § 23–1321(c)(1)(B)(ix). "The Council [of the District of Columbia] has thus determined that prevention of drug use may be a significant factor in preventing pretrial criminality and nonappearance in court." *Oliver v. United States,* 682 A.2d 186, 189 (D.C.1996). Further, as already discussed above, the Council has specifically provided that courts may punish violations of pretrial release orders by contempt sanctions. There is nothing in this statutory scheme to evidence a legislative intent to exclude drug addicts from the purview of these statutory provisions.

In *Gorham v. United States,* 339 A.2d 401 (D.C.1975) (en banc) this court rejected the argument that addiction to heroin, which allegedly compelled the defendants to use heroin so that they had no choice or control regarding such conduct, may be invoked as a defense in a prosecution for the possession of heroin. We concluded, based on a review of statutory provisions criminalizing possession of heroin, D.C.Code § 33–402 (1973), and providing treatment for drug addicts, D.C.Code § 22–601 et seq. (1973), that Congress intended to prosecute habitual drug users as well as other persons for violations of the criminal laws. 339 A.2d at 408. We concluded that, absent impelling constitutional considerations, it was "not our role to supplant the legislative judgment." *Id.* As the appellants in *Gorham* sought, so here Grant in essence asks us to adopt a rule of permissible conduct on pretrial release that would exempt drug addicts from certain criminal sanctions that are clearly authorized by statute. For reasons similar

to those set forth in *Gorham,* 339 A.2d at 410–14, we cannot formulate such a rule here.[8]

*Affirmed.*

---

8. It may also be relevant to note that, at least in theory, no one is compelled to accept pretrial release and a person who thinks that he or she cannot comply with the conditions imposed on such release may choose to remain in custody, and thus avoid the risk of a criminal contempt conviction.