**In the Matter of William C. WIGGINS,
Appellant.**

**No. 9459.**

District of Columbia Court of Appeals.

Submitted Jan. 20, 1976.

Decided May 3, 1976.

Michael Rudolph, Washington, D.C., appointed by this court, for appellant.

Earl J. Silbert, U.S. Atty., Washington, D.C., with whom John A. Terry, William D. Pease, Nicholas Gilman and Peter E. George, Asst. U.S. Attys., Washington, D. C., were on the brief, for appellee.

Before KERN and YEAGLEY, Associate Judges, and PAIR, Associate Judge, Retired.

PER CURIAM:

Appellant appeared at a presentment on February 12, 1975, on a charge of burglary.[1] He was released on his personal recognizance upon the following conditions: (1) that he report to the Bail Agency weekly by phone, (2) that he report to the Narcotics Treatment Administration for urine surveillance, (3) that he obtain employment within ten days, (4) that he

---

1. D.C.Code 1973, § 22–1801(b). He was indicted on this charge and two other counts on March 19, 1975.

remain in his residence from 7:00 p.m. to 7:00 a.m. and (5) that he not enter the District of Columbia except for official matters relating to his case.

A hearing was held on April 4, 1975, pursuant to a court order directing appellant to show cause why he should not be held in contempt of court for violating the above conditions of his release.[2] The United States Attorney was ordered to prosecute this contempt, and the only evidence it offered at this hearing was a written report of the District of Columbia Bail Agency describing an incident on February 22, 1975, when appellant allegedly violated the conditions of his release. Specifically, the report stated that on that date at approximately 10:00 p.m., Metropolitan Police Officer Chapman observed appellant near the Kennedy Center looking into parked cars. When Officer Chapman and his partner returned to the area a few minutes later, they found appellant hiding behind a pillar. Appellant then told the officers that "he was hiding because he was out after his 7:00 p.m. curfew," and he showed them his release order of February 12. The report also noted that appellant had failed to report for urine surveillance since his release.

Appellant himself testified at the April 4th hearing and admitted being in the District of Columbia after 7:00 p.m. on February 22. He explained that he had gone to the Narcotics Treatment Center at 6:30 p. m. for urinalysis testing, and between 6:40, when he left the Center, and 10:00, when he was questioned by the officers, he was walking to Georgetown to catch a bus. Appellant admitted that if he had left the District immediately after finishing his business at the Narcotics Treatment Administration he would have been out of the city by 7:20 at the latest. He also conceded that he was aware of the restrictions the court had placed on him.

At the conclusion of the hearing, the trial court made findings of fact and conclusions of law, adjudged that appellant was in criminal contempt of court, and sentenced him to 90 days' imprisonment. Appellant raises several issues on appeal,[3] but we discuss only one: whether the adjudgment of appellant to be in criminal contempt must be reversed because of a denial of his Sixth Amendment right to confront witnesses. We conclude that this right was violated at appellant's hearing, but under the facts of this case the error was harmless beyond a reasonable doubt. *Chapman v. California*, 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

■ A criminal contempt proceeding is not a criminal prosecution, and consequently not all procedures required in a criminal trial are necessary in a hearing on a charge of contempt.[4] However, a con-

---

2. *See* Super.Ct.Cr.R. 42(b). D.C.Code 1973, § 23–1329 provides in pertinent part:
   (a) A person who has been conditionally released . . . and who has violated a condition of release shall be subject to revocation of release, an order of detention, and prosecution for contempt of court. . . .
   (c) Contempt sanctions may be imposed if, upon a hearing and in accordance with principles applicable to proceedings for criminal contempt, it is established that such person has intentionally violated a condition of his release. Such contempt proceedings shall be expedited and heard by the court without a jury. . . .
   *See* D.C.Code 1973, § 23–1330.

3. Appellant also argues (1) that the trial court made insufficient findings of fact since

it failed to find that appellant was *not* on official business when he was in the District of Columbia, (2) that the government failed to meet its burden of proving a prima facie case since it put on no witnesses and (3) that appellant was denied his constitutional right to the production of all evidence at a criminal trial, citing *United States v. Nixon*, 418 U.S. 683, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974). We find that these contentions are without merit.

4. *See Taylor v. Hayes*, 418 U.S. 488, 500 n. 9, 94 S.Ct. 2697, 41 L.Ed.2d 897 (1974); *Green v. United States*, 356 U.S. 165, 184– 85, 78 S.Ct. 632, 2 L.Ed.2d 672 (1958); *Myers v. United States*, 264 U.S. 95, 103, 44 S.Ct. 272, 68 L.Ed. 577 (1924).

temnor is entitled to a proceeding that includes "fundamental due process protections" in accord with "historic notions of elementary fairness." *Taylor v. Hayes,* 418 U.S. 488, 500, 94 S.Ct. 2697, 41 L.Ed. 2d 897 (1974); *see Bloom v. Illinois,* 391 U.S. 194, 208, 88 S.Ct. 1477, 20 L.Ed.2d 522 (1968); *United States v. Bukowski,* 435 F.2d 1094, 1101 (7th Cir. 1970). The procedural rights that have been granted to contemnors, then, are those deemed by the Court to be fundamental to our system of justice.[5]

The Sixth Amendment right to confront witnesses was accorded the status of a fundamental right by the Supreme Court in *Pointer v. Texas,* 380 U.S. 400, 403, 85 S. Ct. 1065, 13 L.Ed.2d 923 (1965). The Court there found the right to be fundamental for purposes of imposing it on the states in all criminal trials through the Fourteenth Amendment. But in reaching this decision the Court quoted from *In re Oliver,* 333 U.S. 257, 68 S.Ct. 499, 92 L.Ed. 682 (1948), a case which, like the instant case, involved an appeal from a contempt citation where the contemptuous conduct did not occur in the presence of the trial court. The Court in *Oliver* stated at 273, 68 S.Ct. at 507:

[F]ailure to afford the petitioner a reasonable opportunity to defend himself against the [contempt] charge of false and evasive swearing was a denial of due process . . .. [The required

due process] rights include, as a minimum, a *right to examine the witnesses against him,* to offer testimony, and to be represented by counsel. [Emphasis added.]

■ The Supreme Court has recognized that not all "trial errors which violate the constitution automatically call for reversal." *Chapman v. California, supra,* 386 U.S. at 23, 87 S.Ct. at 828; *see Harrington v. California,* 395 U.S. 250, 89 S. Ct. 1726, 23 L.Ed.2d 284 (1969); D.C. Code 1973, § 11–721(e). In the case at hand, appellant's own attorney informed the court at the outset of the hearing that appellant admitted being out of his residence after 7 p.m. and in the District of Columbia in violation of two conditions of his release, but asserted that there was an explanation for appellant's conduct. When he testified, appellant explained that he had entered the District of Columbia for the purpose of reporting to the Narcotics Treatment Administration and that he was then unable to catch the bus back to Virginia before 7:00 p.m. and his ultimate stop by the police at 10:00 p.m. in the area of the Kennedy Center. Having conceded in open court that he had knowingly violated two conditions of his release, appellant in effect confessed to the contemptuous conduct, and the officers' statements in the report simply corroborated that confession.[6] Consequently, we conclude that under these particular circumstances

---

5. The Court has ruled that as a matter of due process the following procedural rights must be observed in a proceeding for criminal contempt where the allegedly contemptuous conduct did not occur in the court's presence: a jury trial for non-petty offenses or where the sentence is greater than six months, *Bloom v. Illinois, supra;* a public trial before an unbiased judge, *In re Oliver,* 333 U.S. 257, 68 S.Ct. 499, 92 L.Ed. 682 (1948); notice of the charges, *Cooke v. United States,* 267 U.S. 517, 45 S.Ct. 390, 69 L.Ed. 767 (1925); representation by counsel, *In re Oliver, supra;* a presumption of innocence, proof of guilt beyond a reasonable doubt, and the privilege against self-incrimination, *Gompers v. Buck's Stove & Range Co.,* 221 U.S. 418, 31

S.Ct. 492, 55 L.Ed. 797 (1911); compulsory process for witnesses, *Cooke v. United States, supra;* the right to offer testimony and to call witnesses on one's own behalf, *In re Oliver, supra;* the opportunity to defend or explain the conduct, *Cooke v. United States, supra;* and the opportunity to attempt to mitigate the sentence or to allocute, *Taylor v. Hayes, supra.*

6. *See Harrington v. California, supra* at 254, 89 S.Ct. 1726. The record reflects that the issue appellant sought to raise at the hearing was the reason he had been in the District after curfew, not whether or not he had been there after 7:00 p. m. Thus, the officers' statements in the Bail Agency Report con-

the violation of appellant's right to confront the officers whose statements were contained in the Bail Agency Report was harmless beyond a reasonable doubt.

*Affirmed.*

cerning appellant's presence at that time and place cannot be deemed in this case to have caused appellant to take the stand and incriminate himself.