Leroy **PARKER**, Appellant,

v.

**UNITED STATES**, Appellee.

No. 10539.

District of Columbia Court of Appeals.

Submitted Oct. 13, 1976.

Decided May 19, 1977.

Noah Menard, Washington, D.C., appointed by this court, was on the brief for appellant.

Earl J. Silbert, U. S. Atty., John A. Terry, William D. Pease, David E. Wilson, and Gerard F. Treanor, Jr., Asst. U. S. Attys., Washington, D.C., were on the brief for appellee.

5. D.C.App.R. 10(*l*) has no relevance to this situation.

Before GALLAGHER, NEBEKER and HARRIS, Associate Judges.

PER CURIAM:

Appellant was arrested on probable cause while he was conditionally released under D.C.Code 1973, § 23–1321. Finding that being arrested on probable cause while released pursuant to that code section was a violation of one of the conditions of his release, the lower court adjudged appellant guilty of contempt [1] and sentenced him to six months' imprisonment. This appeal arises from that conviction for contempt of court.

On December 29, 1975, appellant was arrested for robbery.[2] His release pending trial contained the stricture that:

> Any rearrest for any offense based on probable cause may be grounds for revocation of this [release] order.

On January 13, 1976, appellant was arrested for murder and robbery. At a February 13 hearing, appellant was found in contempt of the December 29 release order and sentenced to a jail term of six months. The contempt conviction, as we have indicated, was predicated upon appellant's second arrest.

The government initially sought to sustain the contempt finding but subsequently, after submission, filed a Motion to Remand with directions to vacate the contempt conviction.

In support of its Motion, the government now takes the position that while it is true that the court properly was able to find that appellant was *arrested* on probable cause, being arrested on probable cause is not a volitional act; and that in order to convict an individual for criminal contempt it is necessary to find beyond a reasonable doubt that the individual committed a volitional act that constitutes contempt. We agree.[3] The volitional act of contempt here

would be the commission of a crime while on release, not the arrest. But the contumacious conduct underlying the conviction of contempt consisted solely of being arrested on probable cause.[4]

The government's Motion to Remand for the vacation of appellant's contempt conviction is granted.

*Reversed and remanded with instructions to vacate appellant's conviction of contempt of court.*

---

1. D.C.Code 1973, § 11–944.

2. D.C.Code 1973, § 22–2901.

3. *See In re Nesbitt*, D.C.App., 313 A.2d 576, 578–79 (1973).

4. Criminal contempt may be appropriate for certain other violations of release conditions. *In re Wiggins*, D.C.App., 359 A.2d 579 (1976); see D.C.Code 1973, § 23–1329.