**In re Michael H. STONE, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 00–BG–814.**

District of Columbia Court of Appeals.

Submitted Dec. 18, 2000.

Decided April 5, 2001.

Before SCHWELB, RUIZ, and REID, Associate Judges.

PER CURIAM:

On June 23, 1999, following the institution of disciplinary proceedings by Bar Counsel, Michael H. Stone, a member of our Bar, signed a stipulation in which he admitted various acts of ethical misconduct involving six clients over a two-year period. Acting on a recommendation by a Hearing Committee, the Board on Professional Responsibility (the "Board") accepted the stipulation. The Board has now recommended that Stone be suspended from practice for four months, with two months of the suspension stayed, and that

the suspension be followed by a one-year period of unsupervised probation.[1]

Neither Bar Counsel nor Stone has filed an exception to the Board's recommendation, and neither objects to the recommended sanction. Accordingly, with the single exception specified in footnote 1, we impose the sanction recommended by the Board. *See* D.C. BAR R. XI, § 9(g)(2); *In re Goldsborough,* 654 A.2d 1285, 1288 (D.C. 1995). Michael H. Stone is therefore suspended from the practice of law in the District of Columbia for four months, with two months stayed, followed by a one-year period of unsupervised probation. We direct Stone's attention to the requirements of D.C. BAR R. XI, § 14, and to the consequences of noncompliance set forth in D.C. Bar R. XI, § 16(c).

*So ordered.*

---

**1.** The Board's Report also includes a recommendation that "[t]he probation will be violated [sic] if, during that one-year period, Respondent is the subject of any disciplinary complaint or referral that results in a formal disciplinary proceeding." But being charged with a disciplinary violation is not a volitional act, *cf. Parker v. United States,* 373 A.2d 906, 907 (D.C.1977) (per curiam), and we cannot determine in advance whether any hypothetical disciplinary charges against Stone will be meritorious and will warrant revocation of Stone's probation. Accordingly, we do not include this recommendation in our order of suspension.