**KANSAS CITY, Missouri, Plaintiff-Respondent,**

v.

**Fred L. ROBERTS, Defendant-Appellant.**

**No. 24375.**

Kansas City Court of Appeals.

Missouri.

Feb. 2, 1967.

Roy W. Brown, Compton & Brown, Kansas City, for appellant.

Herbert C. Hoffman, City Counselor, Dan G. Jackson, III, Charles A. Lewis, Asst. City Counselors, Kansas City, for respondent.

SPERRY, Commissioner.

Defendant was charged in the municipal court of Kansas City, Missouri, with stealing merchandise of the value of $96.23, in viola-

tion of the ordinance of Kansas City. He was tried and convicted. He appealed to the Circuit Court where he was tried and convicted. From a sentence of ninety one (91) days at the municipal farm, defendant appeals.

In support of its charges plaintiff offered the testimony of several witnesses. Mrs. Bush, who had been an employee of the Kansas City Police department but who was, at the time of the trial, a detective in the Jones Store, located at the Blue Ridge Mall, in Kansas City, Missouri, stated that, at about 2:00 P.M., January 12th, 1965, defendant, whom she knew, accompanied by two other men, one of whom she knew, entered the ground floor of the store; that defendant wore a blue sweater and dark trousers; that one wore a heavy overcoat, and that the other wore a ski jacket. She stated that they went up the escalator to the second floor; that the witness followed them on the escalator and was never more than a few feet from them; that, on the second floor, they circled around to the clock department; that defendant took from the display case a small clock and handed it to a Mr. Kearnes, one of his companions; that a clock that was offered in evidence was one that she saw defendant take and give to Kearnes; that defendant also took a second clock and handed it to Kearnes; that one of the clocks in evidence was the second one so taken; that the three men then went downstairs on the escalator; that she was within eight feet of defendant when the clocks were taken; that she "called" for help and then followed the men downstairs and out of the west door of the store; that, outside, on the Mall, Kearnes took the clocks from under his overcoat and placed them in a flower planter, near the door; that witness then arrested these three men. In answer to a question by the court, to which no objection was made, she stated that these acts all occurred in Kansas City, Missouri. She was unable to state the value of the clocks but stated

that another witness would testify as to value.

She testified to the effect that she travelled up the escalator six steps behind the men; that, after their arrest, she released custody to an officer of the Kansas City Police; that she appeared in municipal court against them; that Kearnes pleaded guilty, and that Clinton, the third man, was discharged.

Mr. Boam, a buyer of furniture for the Jones Store at Blue Ridge Mall, stated that he followed Mrs. Bush outside the store; that they were following three men, one of whom was the defendant; that the men were arrested and turned over to the Kansas City Police; that he saw the three men near the flower planter, on the Mall; that he saw Mrs. Bush arrest the men, including defendant; that the Jones Store is in Kansas City, Jackson County, Missouri; that he first saw the clocks in the flower planter when the men and Mrs. Bush were near the planter.

At the conclusion of Boam's testimony the court, outside the hearing of the jury, asked counsel for plaintiff if there was a witness to testify as to the value of the clocks. Defendant's counsel then said: "Well, if Your Honor * * *" and plaintiff's counsel said there was no such witness present at that time.

Ruth Evans stated that she was a buyer for Jones Store, on the Mall, for gifts, china, silver and clocks. She identified the two clocks, which were in evidence as exhibits, as being the property of Jones Store Company. She valued one at $16.75 and the other at $37.50.

Defendant was his only witness. He was asked one single question: "Did you touch either of these clocks and hand them to another party?" To which he answered: "No, I did not touch the clocks."

Plaintiff's counsel then asked: "Have you ever been convicted of a crime?" The court indicated that it would sustain

an objection to that question. The following then is shown of record:

"Q (By MR. JACKSON) Mr. Roberts, have you ever been convicted of a crime, a state offense, either within the State of Missouri, or any other state of these United States of America? Not a municipal offense, but a state offense.

"A No.

"Q In Los Angeles * * *

"MR. BROWN: Just a moment please.

(Thereupon the following out of the hearing of the jury)

"MR. BROWN: I am going to further object to the use of a picture where the jury can see it.

"MR. JACKSON: I am not using it.

"MR. BROWN: You have got it right there where they can see it. He is asking questions from that. It is highly prejudicial to the defendant.

"THE COURT: Do you have a sheet of paper * * *

"MR. JACKSON: I have an F. B. I. report and there is a conviction in the state of California.

"THE COURT: Well, I will permit you to ask the question.

"MR. JACKSON: It was petty larceny in the state of California, entered in Los Angeles county.

"MR. BROWN: That is not what it says.

"THE COURT: He is asking him if he denies that statement.

"MR. JACKSON: That's right.

"THE COURT: Go ahead. Objection overruled.

(Thereupon the following in the hearing of the jury:)

"Q (By MR. JACKSON) Isn't it a fact that you were convicted of petty theft May 23rd, 1960, in California?

"A In Glendale. That wasn't the state. It was a city. It was a can of car wax.

"MR. JACKSON: No further questions.

(Thereupon the following out of hearing of the jury:)

"MR. BROWN: Now, Your Honor, that is the very thing I was objecting to. He has come in through the back door now. My man is under oath and he is willing to tell you the truth, but this testimony before this jury is highly prejudicial and I move that the jury be discharged.

"THE COURT: Motion is overruled. Now if that is the case and it was a municipal offense, it should not have been mentioned, and I can make a record on it.

"MR. JACKSON: Yes sir.

(Thereupon the following in the hearing of the jury:)

"THE COURT: The jury is directed to disregard the answer of the witness just made. You are to disregard his answer as though he hadn't answered it.

Very well"

Defendant's main charge of error is based on plaintiff's examination of defendant as to his having been previously convicted of a crime, in Los Angeles, and of defendant's answer thereto wherein he stated that it was in municipal court for the theft of a can of wax.

██ Plaintiff had the right to show, by cross examination, that defendant had been convicted of a crime. Section 491.050 RSMo 1959, V.A.M.S. In State v. Rumfelt (Mo.), 258 S.W.2d 619, the court stated that the above section of the statute must be strictly construed, and that admission of evidence of prior *arrests* of a defendant, without more, is error. In Meredith v. Whillock, 173 Mo.App. 542, 158 S.W. 1061, 1063, it was held that the violation of a city ordinance is not admissible as proof

of the commission of a crime. To the same effect see Clawans v. District of Columbia, 61 App.D.C. 298, 62 F.2d 383, where the court ruled that a conviction for violation of a municipal ordinance was not admissible as affecting the credibility of a witness.

■ The record clearly establishes that counsel for plaintiff understood that it was improper for him to prove defendant's prior conviction for the violation of a municipal ordinance. He had asked whether defendant had been convicted of a crime, a state offense, either within the State of Missouri or any other of these United States of America; not a municipal offense, but a state offense. Defendant had answered, unequivocally, "No."

Thereafter counsel proceeded to inquire further: "In Los Angeles * * *" and was interrupted by an objection. In the colloquy that followed it developed that counsel was referring to a paper which he held, and which, he stated, was an F.B.I. report showing a conviction for petty larceny in the state of California. The court was thereby persuaded to overrule defendant's objection to the question, obviously believing that it was a state crime counsel was asking about. Defendant answered that such conviction was in Glendale municipal court, for stealing a can of car wax.

The question, as asked, was broad enough to include a conviction for violation of a municipal ordinance. It was an improper question. Daggs v. St. Louis-San Francisco Railway Co., (Mo.App.) 51 S.W.2d 164, 167. Defendant was, thereby, led to make the explanatory answer that he gave and plaintiff's counsel did not offer proof of conviction for a state crime.

The court, recognizing the damaging effect of the testimony, directed the jury to disregard the incident and treat it as though it had never occurred; but there was nothing that the court could do at that point that would remove the poison.

Counsel for plaintiff closed his ears to all objections of defendant and all admonitions of the court. He persisted in examining and questioning defendant about commission of a crime *within the meaning of the statute,* even after defendant had stated that he had not been so convicted. Plaintiff apparently had no record of such conviction but professed to have only an F.B.I. report thereof which, he must have known, was inadmissible as evidence. The court was trapped into permitting the question and defendant felt constrained to answer and explain, in order to justify his previous unequivocal denial of any criminal conviction.

We believe that this incident was prejudicial to the defendant. As some evidence thereof, *in municipal court defendant was* fined $50.00 but the jury, in circuit court, assessed the penalty at ninety one (91) days confinement. It cannot be condoned. It may become the basis of further infractions of the rule heretofore stated.

We have not discussed defendant's contention that a case was not made against him. There was ample evidence from which, if the jury believed the witnesses, it could find that defendant himself took the property from the Jones Store and delivered it into the possession of Kearnes; that defendant, personally stole the clocks.

Because of the above error the judgment is reversed and the cause is remanded for further proceedings.

MAUGHMER, C., concurs.

PER CURIAM.

The foregoing opinion of SPERRY, C., is adopted as the opinion of the Court.

All concur.