**Carl BILLINGS, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. KCD 28473.**

Missouri Court of Appeals,
Kansas City District.

Jan. 31, 1977.

Thomas M. Larson, Public Defender, Lee M. Nation, Asst. Pub. Defender, Kansas City, for appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, for respondent.

Before WASSERSTROM, P. J., and SOMERVILLE and TURNAGE, JJ.

WASSERSTROM, Presiding Judge.

Carl Billings was convicted of arson, and his direct appeal was unsuccessful. *Billings v. State*, 503 S.W.2d 57 (Mo.App.1973). He now seeks relief by way of Rule 27.26. Following an evidentiary hearing, the trial court denied the motion. Billings contends on this appeal that the trial court erred in overruling his Rule 27.26 motion because the evidence shows that Glenn Terry, the State's chief witness at his trial, gave false testimony to the knowledge of the prosecutor. We affirm.

Appellant actually complains of two instances of false testimony. First, he claims that Terry gave false testimony concerning a "deal" between the prosecution and this witness. Secondly, appellant alleges that Terry falsely stated at trial that he had no misdemeanor convictions when in fact the evidence at the Rule 27.26 hearing reveals that Terry did have a misdemeanor conviction at the time of trial. In both instances, appellant alleges that the prosecution was aware that Terry's statements were false but failed to correct the erroneous testimony.

A conviction obtained by the use of evidence known to be false by representatives of the State who allow it to be admitted without correction must be vacated under the Fourteenth Amendment. *Napue v. People of State of Illinois*, 360 U.S. 264, 269, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959); *State v. Statler*, 383 S.W.2d 534, 537 (Mo.1964); *Coles v. State*, 495 S.W.2d 685, 687 (Mo.App. 1973). Appellant has wholly failed to meet the burden of proof imposed on him to show perjury on the part of the witness and knowing use of this perjury by the State.

Regarding the so-called "deal," Terry was extensively questioned at the Rule 27.26 hearing. He consistently denied that there was a "deal" between the State and himself, and he affirmatively testified that no favorable treatment had been offered to him if he cooperated with the State by testifying for the prosecution. There is no evidence that any deal existed, and consequently there is no evidence that Terry gave false testimony at trial concerning any "deal." Accordingly, appellant has failed to show the use of false testimony concerning a "deal" to the knowledge of the prosecution.

At the trial, witness Terry was asked if he had ever been convicted of a misdemeanor and he replied that he had not. Later he found out that he had a misdemeanor "conviction" for "fighting on the street" but he didn't know at the time of the trial if he was "charged" with it. There was no evidence at the Rule 27.26 hearing as to whether the "misdemeanor" was a violation of a city ordinance or a violation of state statute.

If Terry's "conviction" was for violation of a city ordinance then his testimony at trial, that he had no misdemeanor convictions, was not subject to impeachment. See *Kansas City v. Roberts*, 411 S.W.2d 847, 849–850 (Mo.App.1967); § 491.050 RSMo 1969, Note 13. However, even if Terry did have a criminal misdemeanor conviction for violation of a state statute, thus making his

testimony at trial subject to impeachment, there is no evidence whatsoever that the prosecution had knowledge that the testimony was false. Therefore, appellant has failed to meet his burden of proof and, accordingly, the judgment of the trial court, denying Rule 27.26 relief, is affirmed.

All concur.