CITY OF KANSAS CITY, Missouri,
Plaintiff-Respondent,

v.

Michael O. SPOTTSWOOD,
Defendant-Appellant.

No. WD 31514.

Missouri Court of Appeals,
Western District.

March 30, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 4, 1981.

Donald L. Williams, Legal Aid of Western Missouri, Kansas City, for defendant-appellant.

Aaron A. Wilson, City Atty., Barbara A. Schenkenberg, William D. Geary, Asst. City Attys., Kansas City, for plaintiff-respondent.

Before PRITCHARD, P. J., and TURNAGE and CLARK, JJ.

TURNAGE, Judge.

Michael Spottswood was found guilty in the municipal court of Kansas City of violating a zoning ordinance by using a lot contrary to the provisions regulating the district in which it was zoned. On trial de novo before a jury Spottswood was found guilty in the circuit court with punishment assessed as a fine of $2,500. On this appeal Spottswood contends he was not notified that he was in violation of the zoning ordinance; that the city prosecutor, in the opening statement, improperly referred to another charge to which he pled guilty in municipal court; and that the fine of $2,500 exceeded the amount which could be assessed for the violation of a city ordinance. Reversed and remanded.

The information filed in the municipal court charged Spottswood with willfully and continuously using "land in a district zoned R2b in a manner not permitted in such zoned district, to wit: Allowed open storage of building materials and assorted salvaged or waste materials on a vacant lot in violation of Section 65.060 from 5–21–79 to 6–15–79."

During the opening statement on the trial de novo the city attorney told the jury that neighbors of Spottswood began complaining of building materials being stored on the lot involved in 1976. She told the jury a letter was first sent to Spottswood in April of that year advising him of a violation of the zoning order. She then stated:

Eventually, after this notice and order was sent out and nothing was done, Mr. Spottswood was charged in December of 1977. He eventually went to court in March of 1978 and he pled guilty to a charge—

Spottswood's attorney objected to the reference to a plea of guilty and in a colloquy out of the hearing of the jury the city attorney said she thought the plea of guilty would be admissible as an admission. Her theory was that he had pled guilty to the same crime of storing material in 1978 and since the charge on trial was a similar charge, she thought the plea would be admissible as an admission. The court sustained the objection to the statement referring to the plea and instructed the jury to disregard it but refused a motion for a mistrial.

During the trial the City introduced evidence that a notice advising Spottswood of the violation for which he was on trial had been mailed by certified mail and a return receipt had come back signed by a lady not related to Spottswood. Spottswood denied he had received the notice, but the City introduced evidence from an assistant city attorney that Spottswood had testified under oath in the municipal court that he had in fact received the notice.

Spottswood first contends that City's prosecution must fail because it did not send him a notice of violation as required by ordinance. As noted the City introduced evidence that Spottswood had admitted under oath that he in fact had received the notice. Although the certified mail receipt was signed by a lady and not by Spottswood, the fact that Spottswood testified that he had in fact received the notice cured any deficiency in the failure of a return receipt to contain Spottswood's signature.

Spottswood next contends the court erred in refusing his motion for a mistrial when the city attorney told the jury in the opening statement that Spottswood had pled guilty in municipal court in March of 1978. On a trial de novo in the circuit court after a conviction in municipal court the procedure to be followed is governed by the Rules of Criminal Procedure. *City of Mexico v. Merline*, 596 S.W.2d 475, 476[1–4] (Mo.App.1980). Under the rule applicable in criminal cases:

"A voluntary plea of guilty is a solemn confession of the truth of the charge to which it is entered, and proof of such a plea would ordinarily be competent as an admission of the accused in any subsequent proceeding in which it might be relevant and in which the occasion for reference to it might arise." *State v. Hadley*, 249 S.W.2d 857, 860[1] (Mo.1952).

A fact is relevant which tends to prove or disprove a fact in issue or which will corroborate the relevant evidence that bears on the principal issue. *State v. Lenza*, 582 S.W.2d 703, 709[9, 10] (Mo.App.1979), cert. den. 444 U.S. 1021, 100 S.Ct. 678, 62 L.Ed.2d 652 (1980).

In this case Spottswood was accused of violating a zoning ordinance for a period of time from May to June, 1979. The fact that he may have had building material stored on this lot in March, 1978, did not prove that he had building materials stored on this lot in May and June, 1979. The test is whether the admission fairly tends to prove the offense or an essential element thereof on trial. *State v. Castonguay*, 263 A.2d 727, 730 (Me.1970). The City does not contend the plea of guilty in March, 1978, would tend to prove any fact in issue concerning a charge that he violated the zoning ordinance in May and June, 1979. In this case Spottswood was entitled to a trial confined to facts of whether or not he violated the zoning ordinance in May and June of 1979, unfettered by evidence that he had violated the ordinance in March of 1978. Knowledge that he had pled guilty in March of 1978 to a similar charge could not help but prejudice the jury against him.

The court did sustain the objection to the prosecutor's remark and instructed the jury to disregard it. However, at that point the poison had already been injected and it was too late for this information to be effectively withdrawn from the jury. In *Kansas City v. Roberts*, 411 S.W.2d 847 (Mo.App. 1967) this court held it was prejudicial error for the City to show a conviction for an ordinance even though the court had sustained an objection and ordered the jury to disregard such information. While the court in *Roberts* held the municipal conviction to be improper on the ground that it was not impeachment, because an ordinance violation is not a criminal conviction, the result is the same. In this case the prior municipal conviction was not admissible because it did not tend to prove a fact relevant to the case on trial. Whatever the reason the prior conviction may be inadmissible, the prejudicial effect remains the same. The court should have granted a mistrial after the prosecutor's statement concerning the plea of guilty.

Spottswood finally contends that the fine of $2,500 is more than authorized by state statutes for the City to collect. Since this problem will likely recur on retrial, it will be dealt with in this opinion.

As noted, the information charged the offense continued from May 21, 1979, to June 15, 1979. The court instructed the jury that if it found Spottswood guilty it should assess punishment at a fine of not less than $100 nor more than $250 for each and every day the violation continued or by confinement for a term of ten days for each and every day the violation continued, but not to exceed six months or both such fine and confinement. The ordinance under which the charge was brought provided each day of a violation would be a separate offense. In *Savage v. District of Columbia*, 54 A.2d 562 (D.C.App.1947) the information charged the violation occurred between a day certain and the date the information was filed. The court held at 567[10–13]:

> where the offense charged is a continuing one, even though the statute involved makes each day a separate offense, an

information charging a violation on a certain day with a continuando clause added results in only one offense being charged. The court cited in support of that rule *State v. Murray*, 237 Mo. 158, 140 S.W. 899 (1911). *Murray* held that an information which charged that an act continued for a number of days did in fact charge only one offense.

 The information in this case alleged the violation continued between certain dates. Under *Savage* and *Murray* the information alleged only one violation. Therefore, the maximum punishment was only the punishment for one day's violation.

For the error in refusing to grant a mistrial for the prosecutor's reference to a plea of guilty on a prior charge in the opening statement, the judgment is reversed and the cause is remanded.

All concur.