**Wayne E. ROSS, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 83–1127.

District of Columbia Court of Appeals.

Submitted Dec. 11, 1986.

Decided Feb. 11, 1987.

Eugene M. Bond, Washington, D.C., appointed by the court, for appellant.

Joseph E. diGenova, U.S. Atty., and Michael W. Farrell and Clendon H. Lee, Jr., Asst. U.S. Attys., Washington, D.C., were on brief, for appellee.

Before PRYOR, Chief Judge, and NEWMAN and BELSON, Associate Judges.

PER CURIAM:

A jury convicted appellant of destruction of property, second degree burglary, and grand larceny, D.C.Code §§ 22–403, 22–1801(b), and 22–2201 (1981). On appeal, appellant challenges the trial court's ruling that the government could impeach his testimony with his prior misdemeanor conviction for malicious destruction of property. *See* D.C.Code § 14–305 (1981).[1] Appellant

---

1. Section 14–305 (competency of witnesses; impeachment by evidence of conviction of crime) reads in pertinent part:

 (b)(1) ... [F]or the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a criminal offense shall be admitted ... only if the criminal offense (A) was punishable by death or imprisonment in excess of one year under the law under which he was convicted, or (B)

contends that, because of that ruling, he elected not to take the stand to testify on his own behalf.[2] We hold that malicious destruction of property is an impeachable conviction within the meaning of § 14–305, and therefore affirm appellant's conviction.

At trial, the government presented evidence that implicated appellant in the burglary of a Goodyear store, and related offenses. At the close of the government's case, appellant requested the court to rule whether, if he testified, the government could impeach him with a prior misdemeanor conviction for malicious destruction of property. The judge ruled that the government could use the conviction. Appellant did not testify. He now appeals the trial court's ruling.

Section 14–305(b)(1) allows impeachment of a witness by prior felony convictions and by convictions for misdemeanors that involve dishonesty or false statement. D.C. Code § 14–305(b)(1) (1981). This court has interpreted that statute's legislative history as indicating Congress' intent to define broadly the requirement of "dishonesty or false statement," and to exclude from its scope only crimes involving passion or short temper, such as simple assault. *Bates v. United States,* 403 A.2d 1159, 1161 (D.C.1979).

■ Given the broad reading consistently given to § 14–305,[3] we hold that malicious destruction of property does involve "dishonesty or false statement" within the meaning of that statute. The crime of malicious destruction of property requires that the defendant *maliciously* injure, break, or destroy property not his or her own. D.C.Code § 22–403 (1981). The jury instructions for destruction of property define its requisite intent as an "intent to injure or destroy the property, for a bad or evil purpose, and not merely negligently or accidentally." Criminal Jury Instructions for the District of Columbia, No. 4.43.4 (3d ed. 1978).[4] In contrast, simple assault, which is not an impeachable offense, requires no malice or evil purpose. Rather, assault is an "[a]ct[ ] of violence ... which may result from a short temper, a combative nature, extreme provocation, or other causes, [and] generally [has] little or no direct bearing on honesty or veracity." *Bates, supra,* 403 A.2d at 1161 n. 2 (quoting *Gordon v. United States,* 127 U.S.App.

involved dishonesty or false statement (regardless of punishment).

2. In *Luce v. United States,* 469 U.S. 38, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984), the Supreme Court held that a defendant who does not testify at trial may not contest on appeal an *in limine* ruling allowing impeachment by a prior conviction. This court has held, however, that *Luce* is not retroactive. *Langley v. United States,* 515 A.2d 729, 733 (D.C.1986). Since appellant was tried before the Supreme Court announced its decision in *Luce,* his failure to testify does not preclude him from challenging on appeal the trial court's ruling that his conviction was impeachable. *Cf. Johns v. United States,* 434 A.2d 463, 468 n. 6 (D.C.1981) (erroneous ruling on impeachability requires reversal if contributed to defendant's decision not to testify, even if not sole reason).

3. The following holdings exemplify the broad range of misdemeanor convictions that we have held available for impeachment under §. 14–305: *Brown v. United States,* 518 A.2d 446 (D.C. 1986) (soliciting for prostitution); *Baptist v.*

*United States,* 466 A.2d 452 (D.C.1983) (attempted petit larceny); *Hampton v. United States,* 340 A.2d 813 (D.C.1975) (attempted housebreaking); *Williams v. United States,* 337 A.2d 772, (D.C. 1975) (carrying a pistol without a license); *Durant v. United States,* 292 A.2d 157, 160–61 (D.C. 1972) (possession of narcotics), *cert. denied,* 409 U.S. 1127, 93 S.Ct. 946, 35 L.Ed.2d 259 (1973).

4. The instruction continues:

An act is done maliciously where it is done on purpose, without adequate provocation, justification or excuse, and has as its foreseeable consequence damage to or destruction of the property. Malice may be inferred from intentional wrongdoing, accompanied by a bad or evil purpose. It is not necessary that the defendant have intended any actual harm which [the jury] may find to have resulted from the act[s] with which he is charged; it is only necessary that [the jury] find he acted with a conscious disregard of a known and substantial risk of harm which the law intended to prevent.

Criminal Jury Instructions for the District of Columbia, No. 4.43.4 (3d ed. 1978).

D.C. 343, 347, 383 F.2d 936, 940 (1967), *cert. denied,* 390 U.S. 1029, 88 S.Ct. 1421, 20 L.Ed.2d 287 (1968)).

 We hold that a misdemeanor conviction for malicious destruction of property may be used to impeach a witness under § 14–305.[5] Appellant's conviction is therefore

*Affirmed.*

---

**5.** Appellant raises several other arguments, all of which are without merit. First, taking the evidence in the light most favorable to the government, there was sufficient evidence of his participation in the robbery for the jury to find him guilty. *See, e.g., United States v. Hubbard,* 429 A.2d 1334, 1337–38 (D.C.), *cert. denied,* 454 U.S. 857, 102 S.Ct. 308, 70 L.Ed.2d 153 (1981). Second, testimony by the store manager as to the retail value of the items stolen from the store provided sufficient evidence of value to support appellant's conviction for grand (as opposed to petit) larceny. *See Saunders v. United States,* 317 A.2d 867, 868 (D.C.1974). Third, actual ownership is not an element of larceny, and the government did not need to introduce into evidence the complainant company's certificate of incorporation. *See Moss v. United States,* 368 A.2d 1131, 1133–34 (D.C.1977). Finally, appellant's convictions for burglary, grand larceny, and destruction of property each required elements not contained by the other two offenses, and thus do not merge. *See Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932); *Robinson v. United States,* 501 A.2d 1273, 1275 (D.C.1985).