Edin GUZMAN, Appellant,

v.

UNITED STATES, Appellee.

No. 00–CM–389.

District of Columbia Court of Appeals.

Submitted Nov. 7, 2002.

Decided April 24, 2003.

Robert Athanas, appointed by the court, was on brief for appellant.

Roscoe C. Howard, Jr., United States Attorney, and John R. Fisher, Barbara J. Valliere, Deborah Connor, and Asuncion Cummings Hostin, Assistant United States Attorneys, were on the brief for appellee.

Before WASHINGTON, Associate Judge, and NEWMAN and NEBEKER, Senior Judges.

NEBEKER, Senior Judge:

Edin Guzman appeals from a bench trial conviction of one count of malicious destruction of property. This case is now before us for review upon appellant's contention that, because the government adduced insufficient evidence, the trial court erred in failing to grant appellant's motion for judgment of acquittal. We agree with appellant's contention and reverse.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Appellant's conviction was the product of an altercation between appellant and his brother, Lisiadro Guzman, with whom he had previously lived. Shortly after midnight on January 2, 2000, appellant went to his brother's home. Lisiadro was alone. Intoxicated and bellicose, appellant entered the apartment and began striking the wall. In an effort to calm appellant, Lisiadro approached him to restrain him, whereupon appellant struck his brother in the nose, causing it to bleed. A melee ensued, and in the heat of the struggle, a table was knocked over, and the fish tank perched upon it fell to the floor and broke. Afterward, Lisiadro went to a neighbor, Ms. Ventura, to call the police. When the police arrived, they took Lisiadro's statement, with Ventura acting as interpreter, and arrested appellant.

Appellant was charged with one count of simple assault, D.C.Code § 22-504(a) (1981), and one count of malicious destruction of property, D.C.Code § 22-403 (1981), recodified as D.C.Code §§ 22-404(a) (2001) and -303 (2001), respectively. At trial, the government elicited testimony from Lisiadro, who, through an interpreter, gave his account of the incident.[1] He testified that when appellant had come to the apartment, appellant "was too drunk," and that he "was hitting the wall." Lisiadro went on to testify that appellant had struck him, that the fish tank had gotten broken, that the two men were the only individuals present in the apartment at the time, and that Lisiadro did not break the fish tank; however, Lisiadro never testified to having seen appellant break the fish tank. When the government asked Lisiadro if he saw the fish tank break, his response was, "Yes, because the water

---

1. The government also called Ventura, but her testimony was limited to the events that

took place after Lisiadro came to her asking that she call the police.

spread all out." However, when asked how it happened, Lisiadro replied, "I don't know. I can't explain to you." The government then attempted to clarify by eliciting testimony from Lisiadro, in relevant part, as follows:

Q. Who was present in the apartment at the time that the fish tank was broken?

A. No one, just us two.

Q. Did you break the fish tank?

A. No.

On cross-examination, counsel for appellant first established that Lisiadro made first physical contact with appellant, and that appellant's striking him was an accident incident to his attempt to fend off Lisiadro's hold on appellant. Appellant's counsel then went on, in relevant part, to make much of Lisiadro's inability to state with certainty that it was appellant who had actually broken the fish tank. On re-direct, Lisiadro confirmed his earlier testimony that, on the night in question, appellant was highly intoxicated and bellicose, having struck the wall and Lisiadro. He also confirmed that the fish tank broke as a result of the melee. Then on re-cross, appellant's counsel elicited the following testimony:

Q. Mr. [Lisiadro] Guzman, you never saw your brother breaking the fish tank, is that correct?

A. No, because I was holding him.

Q. Mr. [Lisiadro] Guzman, you never saw your brother breaking the table, is that correct?

A. No, I was holding him and everything went, the table and the fish tank.

At the close of the government's case, appellant moved for a judgment of acquittal on both charges. He argued that the government had failed to produce sufficient evidence that he had had the requisite intent for the assault charge. As for the destruction of property charge, he argued that there was also insufficient evidence that Lisiadro owned the fish tank, that the fish tank was of any value, and that it was appellant who broke it. The trial court granted the motion on the assault charge and denied the motion as to the property offense. Appellant then called Lisiadro as a defense witness, from whom, through direct, cross-, and re-direct examination, came essentially the same testimony as when the government had called him as a prosecution witness. Appellant called no other witness, nor did he testify. At the close of all of the evidence, appellant again moved for a judgment of acquittal, which the court denied. The court then found appellant guilty, and later sentenced him to ninety days' imprisonment, suspended, and one year's probation. This appeal ensued.

## II. DISCUSSION

### A. *Standard of Review*

 First, the standard by which we review a denial of a motion for judgment of acquittal is *de novo,* and we, "like the trial court, determine whether the evidence, viewed in the light most favorable to the government, was such that a reasonable juror could find guilt beyond a reasonable doubt." *Johnson v. United States,* 756 A.2d 458, 461 (D.C.2000) (citations omitted). Under that standard, the government need not irrefutably prove its case to survive acquittal: "The evidence need not *compel* a finding of guilt beyond a reasonable doubt." *Curry v. United States,* 520 A.2d 255, 263 (D.C.1987) (emphasis added). Instead, the evidence must merely be sufficient to *allow* a finding of guilt beyond a reasonable doubt by a reasonable fact finder, drawing no distinction between direct and circumstantial evidence. *Id.* In other words, "a motion for judgment of acquittal should not be granted where the evidence is such that a reasonable mind might or might not have a reasonable doubt as to

the guilt of the accused." *Id.* (citing *Crawford v. United States,* 126 U.S.App. D.C. 156, 158, 375 F.2d 332, 334 (1967)). Appellant argues that the government's case fails under the standard above.

### B. *Analysis*

The relevant statute provides: "Whoever maliciously injures or breaks or destroys, or attempts to injure or break or destroy ... any public or private property, whether real or personal, not his or her own," is guilty of destruction of property. D.C.Code § 22–303 (2001).

Appellant contends that evidence of malice is lacking. "Malice" is defined as the following:

> (1) the absence of all elements of justification, excuse or recognized mitigation, and (2) the presence of *either* (a) an actual intent to cause the particular harm which is produced or harm of the same general nature, *or* (b) the wanton and willful doing of an act *with awareness of a plain and strong likelihood that such harm may result.*

*Thomas v. United States,* 557 A.2d 1296, 1299 (D.C.1989) (citation and footnote omitted) (emphasis in original). The government asserts, without reference to the definition of malice contained in *Thomas, supra,* that its own cobbled definition of malice can carry the day. It argues that, because the evidence showed that appellant was intoxicated when he entered Lisiadro's apartment and that the melee ensued, the record established appellant's "conscious disregard for the consequences of his actions." We hold that the evidence of his intoxicated entry and the ensuing melee is insufficient to support a finding beyond a reasonable doubt that appellant acted with the requisite malice. The evidence, at best, shows merely that the fish tank fell and broke during the fray. We, therefore, reverse his conviction and remand with directions to enter a judgment of acquittal.

*So ordered.*