GLICKMAN, Associate Judge,
dissenting.
Because the front door was locked, and unreceptive to more gentle persuasion, it was obvious to appellant that he would have to break in to gain entry. And so appellant decided to batter the stoutly resistant front barrier with such fury, force, and persistence that he substantially damaged not only the wooden door itself, but also its metal hinges and the surrounding doorframe. This court previously has held such evidence sufficient to support a conviction for malicious destruction of property,[1] and I see no reason not to do so here. Even if appellant did not actually see the damage he caused, I think the evidence unquestionably permitted the trial judge to disbelieve his professions of obliviousness and find beyond a reasonable doubt that appellant both knew there was a “plain and strong likelihood”[2] he would inflict *711 significant physical damage to the doorway, and meant to do exactly that in order to gain entry. Appellant had to know he could not kick his way through a locked door without damaging it in some way. Any sane person would realize that. Accordingly, I respectfully dissent.[3]

. The majority finds it unnecessary to address appellant’s argument that he was privileged to break the door down to gain entry because he was a co-tenant on the lease. Ante at 708 n. 2. As the majority decides this case in appellant’s favor on a different ground, and

. See Jackson v. United States, 819 A.2d 963, 967 (D.C.2003) (holding evidence sufficient to convict a co-owner of malicious destruction where he kicked and substantially damaged a locked door in order to enter the premises).

. Guzman v. United States, 821 A.2d 895, 898 (D.C.2003) (quoting Thomas v. United States, 557 A.2d 1296, 1299 (D.C.1989)). *711 nothing I say about his privilege contention can alter the outcome of this appeal, I, too, shall refrain from addressing it. But see Jackson, 819 A.2d at 967 (holding that a co-owner of property may be found criminally liable for its malicious destruction).